UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OMEGA HOSPITAL, L.L.C.                              CIVIL ACTION

VERSUS                                             No. 08-3713

AETNA LIFE INSURANCE COMPANY                       SECTION:  I/3

ORDER AND REASONS

Before the Court is a motion filed on behalf of plaintiff, Omega Hospital, L.L.C. ("Omega"), to remand the above-captioned matter pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.[1]  Defendant in this lawsuit is Aetna Life Insurance Company ("Aetna").[2]  For the following reasons, plaintiff's motion is **GRANTED**.

BACKGROUND

On or about April 20, 2007, Omega provided medical services to Miguel R., who was insured by Aetna on that date.  Omega alleges that, prior to providing medical services, it obtained verification from Aetna that Miguel R. had insurance and that the specific care to be rendered was covered by the patient's insurance policy.[3]  Omega contends that, after rendering services, Aetna failed to reimburse Omega for the expenses that it incurred in treating

---

[1]Rec. Doc. No. 4.

[2]Aetna is a foreign insurance company authorized to do, and/or actually doing business, in the States of Louisiana.  Rec. Doc. No. 1-4, p. 1, para. I.

[3]*Id.* at pp. 1-2, para. IV.  Having been wrongfully denied coverage in the past for failure to clarify proposed treatment, Omega developed and used a script when verifying benefits and insurance coverage.  *Id.*

Miguel R..[4]

On May 27, 2008, Omega filed a lawsuit against Aetna in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  Omega seeks damages as a result of its detrimental reliance on Aetna's representations and Aetna's breach of an oral contract.[5]  Omega seeks the full value of the medical services provided, which totals $66,115.72, as well as attorney's fees[6] and

---

[4]*Id.* para. V.  Omega claims that it has been paid *nothing* for the medical services that it rendered to Miguel R..  Rec. Doc. No. 4-2, p. 3.

[5]Rec. Doc. No. 1-4, p. 2, paras. VI-VII.  Omega asserts that Aetna's breach of the alleged oral contract was in bad faith and in violation of the Louisiana Unfair Trade Practices Act ("LUTPA").  *Id.* para. VIII.

[6]Omega asserts that attorney's fees are due in this case pursuant to La. R.S. 9:2781, Louisiana's "open account" statute.  *Id.*  The text of La. R.S. 9:2781 reads:

    A.   When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.  Citation and service of a petition shall be deemed written demand for the purpose of this Section.  If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant.  Receipt of written demand by the person is not required.
    B.   If the demand is forwarded to the person by first class mail to his last known address, a copy of the demand shall be introduced as evidence of written demand on the debtor.
    C.   If the demand is made by citation and service of a petition, the person shall be entitled to pay the account without attorney fees by delivering payment to the claimant or the claimant's attorney within ten days after service of the petition in city courts and fifteen days after service of the petition in all other courts.
    D.   For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.  "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services.  For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the

court costs.[7]

On June 13, 2008, Aetna removed Omega's lawsuit to federal court, citing original jurisdiction pursuant to 28 U.S.C. § 1331, because this controversy arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (2006).[8]   On July 2, 2008, Omega filed this motion to remand.[9] Omega contends that this lawsuit does not arise under ERISA because the lawsuit is based exclusively on state law, the lawsuit does not "relate to ERISA," and Omega does not assert its rights as an assignee of the patient, Miguel R..

## LAW AND ANALYSIS

### I.   STANDARDS OF LAW

#### A.   MOTION TO REMAND

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."   28 U.S.C. § 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007).  The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

---

state.
E.     As used in this Section, "person" means natural and juridical persons.

[7]*Id.* para. VIII.

[8]Rec. Doc. No. 1.

[9]Rec. Doc. No. 4.

The removal statute is to be strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**B.** **FEDERAL QUESTION JURISDICTION AND ERISA PREEMPTION**

United States District Courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003). However, a federal statute "may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character" and it is, therefore, removable. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55, 63 (1987); *Arana*, 338 F.3d at 437. It is well settled that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [of ERISA] removable to federal court." *Metro. Life*, 481 U.S. at 66, 107 S.

4

Ct. at 1548, 95 L. Ed. 2d at 65; *see McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004).

Preemption in the context of ERISA may be of two types: complete preemption or conflict (ordinary) preemption. *Copling v. Container Store, Inc.*, 174 F.3d 590, 594-95 (5th Cir. 1999). Complete preemption pursuant to ERISA § 502(a) provides removal jurisdiction, while ordinary or conflict preemption pursuant to ERISA § 514 does not.[10]  *Roark v. Humana, Inc.*, 307 F.3d 298, 305 (5th Cir. 2002).

If a federal statute completely preempts an asserted cause of action, it is removable "because 'when the federal statute

---

[10] ERISA § 502(a) provides that a participant or beneficiary of an employee benefit plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B); *see Halliburton Co. Benefits Comm. v. Graves*, 463 F.3d 360, 375-76 (5th Cir. 2006).
ERISA § 514 provides, in pertinent part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described" in ERISA.  29 U.S.C. § 1144.  The United States Court of Appeals for the Fifth Circuit discussed conflict preemption pursuant to ERISA § 514:

> "State law claims [that] fall outside the scope of ERISA's civil enforcement provision, § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete preemption principles established in *Metropolitan Life*."
> The presence of conflict-preemption does not establish federal question jurisdiction.  Rather than transmogrifying a state cause of action into a federal one-as occurs with complete preemption-conflict preemption serves as a *defense* to a state action.
> When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption.

*Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (*quoting Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995) (citations and footnotes omitted).

completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S. Ct. 2488, 2495, 159 L. Ed. 2d 312, 326 (2004) (*quoting Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 2063, 156 L. Ed. 2d 1, 8 (2003)); *see McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir. 1998). ERISA § 502(a) is a federal statute that has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life*, 481 U.S. at 65, 107 S. Ct. at 1547, 95 L. Ed. 2d at 64; *see Hartle v. Packard Elec.*, 877 F.2d 354, 355 (5th Cir. 1989) (noting that state law actions displaced by the ERISA civil enforcement provisions can be recharacterized as a federal law claim).

A plaintiff may not avoid federal jurisdiction by artfully pleading a completely preempted cause of action in terms of state law; the artful-pleading doctrine allows removal even if the plaintiff omits pleading necessary federal questions. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475-76, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912, 919 (1998). Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health*, 542 U.S. at 209, 124 S. Ct. at 2495, 159 L. Ed. 2d at

327; *see La. Health Servs. & Indem. Co. v. Rapides Healthcare Sys.*, 461 F.3d 529, 534 (5th Cir. 2006).  However, an analysis of ERISA preemption "must be guided by respect for the separate spheres of governmental authority preserved in our federalist system." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 522, 101 S. Ct. 1895, 1905, 68 L. Ed. 2d 402, 416 (1981).

State law causes of action are completely preempted by ERISA § 502(a)(1)(B) and federal question jurisdiction is established when both:  (1) an individual, at some point in time, could have brought the claim under ERISA, and (2) there is no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions.  *Aetna Health*, 542 U.S. at 209-10, 124 S. Ct. at 2495-96, 159 L. Ed. 2d at 327-28.  Conversely, "lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan," are not preempted.  *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 833, 108 S. Ct. 2182, 2187, 100 L. Ed. 2d 836, 846 (1988).

## II.   DISCUSSION

### A.   WHETHER OMEGA COULD HAVE BROUGHT ITS CLAIM PURSUANT TO ERISA § 502(a)(1)(B)

In determining whether Omega's state law claims are completely preempted, the Court must first decide whether Omega could have brought its claim pursuant to ERISA § 502(a)(1)(B).  It is settled

that ERISA participants[11] and beneficiaries[12] of employee benefit plans are individuals who can bring claims pursuant to § 502(a)(1)(B); a claim brought by one of these individuals for improper claim processing preempts state law causes of action. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S. Ct. 1549, 1553, 95 L. Ed. 2d 39, 50-51 (1987).  However, ERISA does not preempt "[a] state law claim . . . [that] does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries)." *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990).

Omega is not a participant or beneficiary of an ERISA plan. Accordingly, Omega does not have independent standing to seek recovery pursuant to ERISA.  *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 249 (5th Cir. 1990) (*citing Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988)).  Nevertheless, when a participant or beneficiary assigns to a third-party service provider his right to receive benefits pursuant to an ERISA plan, such provider may bring a *derivative action* to enforce an ERISA plan beneficiary's claim.  *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005); *Hermann*, 845 F.2d

---

[11]Participant is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan."  ERISA § 3(7), 29 U.S.C. § 1002(7).

[12]Beneficiary is defined as "a person designated by a participant by the terms of an employee benefit plan."  ERISA § 3(8), 29 U.S.C. § 1002(8).

at 1289-90.

Miguel R., an ERISA participant, assigned his right to receive benefits to Omega.[13]   Therefore, Omega could have brought claims against Aetna pursuant to ERISA § 502(a)(1)(B).  This does not end the inquiry, however.   The Court must also determine whether Omega's claims implicate an independent legal duty.

> **B.    WHETHER OMEGA'S CLAIMS IMPLICATE AN INDEPENDENT LEGAL DUTY**

In order for Omega's state law claims to be completely preempted, there must also be no independent legal duty implicated by Aetna's actions.  *See Aetna Health*, 542 U.S. at 209, 124 S. Ct. at 2495, 159 L. Ed. 2d at 327.  A claim implicates an independent legal duty when the individual is entitled to the state law claim regardless of the terms of an ERISA plan.  *Id.* at 210, 124 S. Ct. at 2496, 159 L. Ed. 2d at 328.  In order to determine whether Omega's claims implicate an independent legal duty, the Court must engage in "a fact-sensitive inquiry into whether a medical services provider is properly characterized as an independent third-party provider or as an assignee asserting a derivative claim for ERISA benefits."  *Abilene Reg'l Med. Ctr. v. United Indus. Workers Health & Benefits Plan*, No. 06-10151, 2007 WL 715247, at *3 (5th Cir. Mar. 6, 2007).

Omega does not assert that Aetna is liable for failure to pay pursuant to the terms of an ERISA plan, but rather that it is

---

[13]Rec. Doc. No. 5-3.

liable for the injuries sustained by Omega as a result of providing medical services to Miguel R., based on Aetna's representations. Omega alleges that Aetna's representations concerning Miguel R.'s insurance coverage, upon which Omega claims it reasonably relied, are the basis of its claims, not whether or not Miguel R., is entitled to benefits under the ERISA plan.[14]

Courts have consistently held that claims of detrimental reliance and breach of contract for failure to pay after verification of benefits implicate independent legal duties that are not preempted by ERISA. *See Northbrook*, 904 F.2d at 250 (holding that a third-party healthcare provider's negligent misrepresentation claim was not preempted by ERISA); *Jefferson Parish Hosp. Serv. Dist. No. 2 v. Principal Health Care of La., Inc.*, 934 F. Supp. 206, 209 (E.D. La. 1996) (Fallon, J.) (holding that a detrimental reliance claim brought by a third-party healthcare provider against an ERISA plan was brought in the healthcare provider's independent status); *Jefferson Parish Hosp. Dist. No. 2 v. Cent. States*, 814 F. Supp. 25, 27 (E.D. La. 1993) (Arceneaux, J.) (holding that ERISA did not preempt a hospital's detrimental reliance claim); *Intra-OPerative Monitoring Servs., Inc. v. Humana Health Benefit Plan of La., Inc.*, No. Civ.A. 04-2621, 2005 WL 1155847, at *2 (E.D. La. May 5, 2005) (Zainey, J.) (holding that the plaintiffs' claims were not preempted by ERISA

---

[14]Omega argues that its right to payment does not rely upon an assignment of benefits but upon oral contracts governed by the Louisiana law of obligations and/or the Louisiana Civil Code. Rec. Doc. No. 4, p. 4.

because they were not seeking plan benefits, but instead were seeking to recover for detrimental reliance and breach of contact for failure to pay after verifying services).   Because Omega is seeking to recover based on Aetna's actions independent of an ERISA plan and Omega is not seeking to recover ERISA plan benefits, the Court finds that Omega's claims are not preempted by ERISA.[15]

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED** and the above-captioned matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

New Orleans, Louisiana, August 21, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[15]As previously stated, Omega asserts an "open account" claim for attorney's fees.  This Court has held that an open account claim is not preempted if it implicates an independent legal duty.  *See Morgan v. MEBA Med. & Benefits Plan*, Civil Action No. 07-6252, 2007 WL 4591233, at *4 (E.D. La. Dec. 28, 2007); *Ctr. for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, Civil Action No. 06-9985, 2007 WL 1428717, at *5 (E.D. La. May 10, 2007).  Because Omega is claiming that it is entitled to recover from Aetna based on its actions, regardless of whether the benefits are covered under Miguel R.'s ERISA plan, Omega's claims implicate an independent legal duty.